IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TIM MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-2005-467 T |
| | ) |
| 1. OKLAHOMA COUNTY, by and through its Board of County Commissioners; | ) |
| 2. JOHN WHETSEL, SHERIFF OF OKLAHOMA COUNTY, in his official And individual capacities; | ) |
| 3. CLIFFORD KINSLER, Oklahoma County Detention Center Officer, in his Official and individual capacities; | ) |
| 4. HAROLD SMITH, Oklahoma County Detention Center Officer, in his Official and individual capacities; | ) |
| 5. TERRY HAMILTON, Oklahoma County Detention Center Officer, in her Official and individual capacities; | ) |
| 6-9 JOHN DOES NOS. 1-4, Oklahoma County Detention Center Officers, in their Official and individual capacities; | ) |
| 10. SONNY NOHMER, Oklahoma County Detention Center Officer, in his Official and individual capacities; | ) |
| 11. STEVEN HARRIS, Oklahoma County Detention Center Officer, in his Official and individual capacity; | ) |
| 12. TERRI STREETER, Oklahoma County Detention Center Officer, in his Official and individual capacity; | ) |
| 13. SERGEANT BRIDGES, (First name currently unknown) Oklahoma County Detention Center Officer, in his Official and individual capacity; | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

1

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C Section 1343, and 28 U.S.C. Section 1331.

1. Plaintiff, Tim Miller is a resident of Oklahoma County, State of Oklahoma, and the United States of America.

2. At all time referred to herein, Defendants, Clifford Kinsler (hereinafter Kinsler), Harold (Farold) Smith (hereinafter Smith), Sonny Nohmer (hereinafter Nohmer), Steven Harris (hereinafter Harris), Terri Streeter (hereinafter Streeter) and Sergeant Bridges (hereinafter Bridges) (first name unknown) were officers of the Oklahoma County Detention Center, employed by Oklahoma County through its Sheriff's Department.

3. At all times referred to herein, Defendants, John Doe Nos. 1-4 were officers of the Oklahoma County Detention Center, employed by Oklahoma County through its Sheriff's Department, whose names and identities remain unknown at this time.

4. Defendant, John Whetsel (hereinafter Whetsel), was, at all times referred to herein, Sheriff of Oklahoma County and, as such, he was the commanding officer of Defendants Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4, and was responsible for the training, supervision, and conduct of said Defendants, as more fully set forth below. Defendant, Whetsel is further responsible by law for enforcing the regulations of Oklahoma County and for ensuring that officers of the Oklahoma County

Detention Center, employed by Oklahoma County through its Sheriff's Department, obey the laws of the State of Oklahoma and the United States of America.

5. Defendant, Oklahoma County exists under the laws of the State of Oklahoma.

6. Plaintiff sues all individual Defendants in their official and individual capacities.

7. At all times referred to herein, Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 acted under color of the laws, statues, ordinances, regulations, policies, customs, and usages of the State of Oklahoma and Oklahoma County.

8. On or about October 31, 2003, Plaintiff was in the process of being transferred from the custody of the Oklahoma City Police Department and taken into the custody of the Oklahoma County Sheriff's Department at the Oklahoma County Detention Center.

9. During this intake procedure, Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 used excessive and extreme force upon Plaintiff, beating him severely and without provocation, assisted in said beating, and/or observed said beating without taking steps to stop it or come to Plaintiff's aid. Plaintiff had made no resistance to the officers during this intake procedure.

10. As a result of these actions by Defendants, Plaintiff suffered physical injuries and was later transported by emergency vehicle to a nearby hospital, where it was determined that he had suffered multiple injuries.

## COUNT I

11. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4, committed under color of law and under their authority as officers of the Oklahoma County Detention Center, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

13. As a direct and proximate result of the malicious and outrageous conduct of Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4, as set forth above, Plaintiff suffered severe permanent injuries and damages, including a broken femur and a broken pelvis. Plaintiff's body was rendered weak, stiff, sore, painful, and causing him great anguish, fear, and consternation. He has endured conscious pain and suffering and/or mental anguish as a result of the subject incident, and he has suffered a loss of his enjoyment of life. Additionally, Plaintiff has suffered special damages in the form of medical expenses and lost wages, and he will suffer additional special damages in the future in an amount which cannot yet be determined.

4

14. The acts of Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 as set forth above were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

## COUNT II

15. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Prior to the incident involving Plaintiff, Defendant Whetsel had learned of previous incidents involving Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4, and/or other officers of the Oklahoma County Detention Center, wherein those officers or other such officers had used unreasonable force on other that had been arrested and were being held at the Oklahoma County Detention Center. Defendant, Whetsel took no action to discipline Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges, John Doe Nos. 1-4, or other such officers or to order them not to repeat such incidents, thus tacitly authorizing such conduct, If Defendant, Whetsel had taken appropriate remedial action, the beating of Plaintiff would not have occurred.

17. The Board of County Commissioners of Oklahoma County is vested by law with the authority to make policy for Oklahoma County on the use of force in its Detention Center. The Commissioners were aware of a pattern of the use of excessive force by officers of the Oklahoma County Detention Center; they were aware that the County's policies regarding the discipline of officers accused of using excessive force were so inadequate that it was obvious that a

failure to correct them would result in further incidents involving the use of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. At all times relevant to this Complaint, Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4, as officers of the Oklahoma County Detention Center, were acting under the direction and control of Defendants, Whetsel and Oklahoma County, and were acting pursuant to the official policy, practice, or custom of Oklahoma County.

19. Acting under color of law and pursuant to the official policy, practice, or custom, Defendants, Whetsel and Oklahoma County intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force during intake of arrestees and/or while arrestees are in custody.

20. Acting under color of law and pursuant to official policy, practice, or custom, Defendants, Whetsel and Oklahoma County intentionally, knowingly, and recklessly failed to instruct, train, and supervise Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 on a continuing basis in the correct procedures to be used at the Oklahoma County Detention

Center, including not beating or injuring arrestees, and preventing same from occurring.

21. Defendants, Whetsel and Oklahoma County had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge, that the wrongs which were done, as heretofore alleged, were about to be committed. Defendants, Whetsel and Oklahoma County had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

22. Defendants, Whetsel and Oklahoma County directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges and John Doe Nos. 1-4 heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

23. As a direct and proximate result of the acts of Defendants, Whetsel and Oklahoma County set forth herein, Plaintiff suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his Constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

24. The acts of Defendant, Whetsel as set forth above were wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against all Defendants in an amount to be proved at trial;

2. For exemplary and punitive damages against Defendants, Kinsler, Smith, Nohmer, Harris, Streeter, Bridges, John Doe Nos. 1-4, and Whetsel, in an amount to be proved at trial;

3. For cost of suit herein, including Plaintiff's reasonable attorney's fees; and

4. For such other and further relief as the Court deems proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

BY: _____
Thomas J. Steece, OBA # 11531
Oklahoma Legal Services, P.L.L.C
6303 North Portland Ave., Ste. 300
Oklahoma City, OK 73112
Telephone (405) 943-8300
Facsimile (405) 942-2661
Email TSteece@coxinet.net

Michael L. Velez, OBA # 19963
Michael L Velez, LLC
6303 North Portland Ave., Ste. 300
Oklahoma City, OK 73112
Telephone (405) 943-8300
Facsimile (405) 942-2661
Email MVelez@coxinet.net

Mark D. Brown, OBA # 1214
Margo M. Brown, OBA # 11771

Brown & Brown, P.C.
6303 North Portland Ave., Ste. 300
Oklahoma City, OK 73112

ATTORNEYS FOR PLAINTIFF